FILED 02 SEP '11 14:52 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**DEBRA KAY CHIPMAN,**

        Plaintiff,

v.

**MICHAEL J. ASTRUE,**

        Defendant.

Civil No. 10-6164-TC

**FINDINGS AND RECOMMENDATION**

COFFIN, Magistrate Judge:

Plaintiff Debra Chipman ("Chipman") seeks judicial review of the Social Security Commissioner's final decision partially denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). For the reasons that follow, the

1 - FINDINGS AND RECOMMENDATION

Commissioner's decision should be affirmed.

## BACKGROUND

Born in 1959 (Tr. 96)[1], Chipman reports a high school education by general equivalency degree. Tr. 123. She alleges disability beginning August 31, 2003 (Tr. 96) due to arthritis, degenerative disc disease, a tilted pelvis, high cholesterol, high blood pressure, anxiety disorder, panic disorder, post-traumatic stress disorder, and depression. Tr. 116. The Commissioner denied her applications initially and upon reconsideration, and an Administrative Law Judge ("ALJ") held a hearing on June 17, 2008. Tr. 25-51. The ALJ found Chipman not disabled on July 25, 2008. Tr. 12-20. The Appeals Council accepted additional evidence into the record, but denied review of the matter (Tr. 1-5), and Chipman now appeals.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. Id.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer November 19, 2010 (Docket #10).

2 - FINDINGS AND RECOMMENDATION

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the ALJ determines the impairment meets or equals a listed impairment, the claimant is disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's RFC. The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); Yuckert, 482 U.S. at 141-2; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

The initial burden of establishing disability rests upon the claimant. Tackett, 180 F.3d at 1098. If the process reaches the fifth step, the burden of production shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566; 404.1520(g); 416.966; 416.920(g).

Additionally, if the Commissioner finds a claimant disabled and there is medical evidence of drug addiction or alcoholism, the Commissioner must determine if the substance abuse is a "contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a);

3 - FINDINGS AND RECOMMENDATION

416.935(a). Here the Commissioner determines which, if any, mental or physical impairments would remain if the claimant ceased using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(2); 416.935(b)(2). If the remaining limitations are not disabling, the Commissioner will find that the drug or alcohol use is a contributing factor to the claimant's disability, and find the claimant not disabled. 20 C.F.R. §§ 404.1535(b)(2)(I); 416.935(b)(2)(I). Notably, the plaintiff bears the burden of showing that drug or alcohol use is not material. Parra v. Astrue, 481 F.3d 742, 748-50 (9th Cir. 2007).

## THE ALJ'S FINDINGS

The ALJ discussed Chipman's alcohol, methamphetamine, cocaine, and marijuana use throughout his analysis, and specifically found that Chipman experienced "episodes of decompensation" and "marked" difficulties in concentration, persistence, and pace when her substance abuse was included in his analysis, but that these limitations did not occur without her substance abuse. Tr. 15-17. The ALJ concluded that Chipman "is under a disability," but found her "substance use disorder" a "contributing factor material to the determination of disability." Tr. 13. The ALJ therefore found Chipman not disabled. Id., 20.

The ALJ's sequential analysis found Chipman's history of substance abuse in partial remission, chronic pain, and anxiety disorder "severe" at step two. Id. The ALJ found that these impairments did not meet the Commissioner's listings at step three (Tr. 15-16), and found that Chipman retained the RFC to perform light work, with a additional limitations to simple, repetitive tasks and no frequent interaction with the public or coworkers. Tr. 16. The ALJ found that this RFC precluded performance of Chipman's past relevant work at step four in the sequential proceedings (Tr. 18), but found Chipman able to perform work in the national economy at step five. Tr. 19. The

ALJ therefore found Chipman not disabled.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006), see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id., see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray v. Comm'r, Soc. Sec., 554 F.3d 1219, 1225-56 (9th Cir. 2009), citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); see also Connett v. Barnhart, 340 F.3d 871, 874(9th Cir. 2003), citing same.

## DISCUSSION

Chipman makes one claim of error, alleging that the ALJ erroneously omitted both a "marked" and "moderate" limitation in concentration, persistence, and pace from his questions to

the vocational expert at step five in the sequential proceedings. This assertion is based upon an assumption that the ALJ improperly evaluated the effect of Chipman's drug and alcohol use. Each is discussed in turn.

## I. The ALJ's Drug and Alcohol Findings

The ALJ found that Chipman had "marked" difficulties in concentration, persistence, and pace at step three in the sequential proceedings when her drug and alcohol use was *included* in his analysis. Tr. 15. The ALJ then found that Chipman would have only "mild or moderate" difficulties in concentration, persistence, and pace when her drug and alcohol use was *excluded* from his analysis. Tr. 17. A claimant cannot be found disabled when drug or alcohol use materially impacts her alleged disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(b)(2)(i); 416.935(b)(2)(i); Parra, 481 F.3d at 746-47.

Chipman asserts that distinguishing the effects of her drug use is not possible. Pl.'s Reply Br. 5. She first argues that the ALJ should have found her drug use "not material" under the Commissioner's "Emergency Teletype. Pl.'s Reply Br. 4-5. Such sources do not carry the force of law and do not create judicially enforceable duties. Parra, 481 F.3d at 749. This submission should therefore be rejected.

Chipman then contends that examining psychologist Dr. Duvall "was unable to offer" an analysis regarding Chipman's impairments without the effects of her substance abuse, and points to no other evidence of record in support of her argument that her substance abuse was not material to the ALJ's determination. Pl.'s Reply Br., 6.

The record does not reflect Chipman's assertion and instead supports the ALJ's finding that

Chipman's drug and alcohol use are material to her impairments. Dr. Duvall evaluated Chipman on May 13, 2006. Tr. 271-76. He described Chipman's reports of extensive drug and alcohol use (Tr. 271-74), and specifically noted that Chipman "squirmed and moved her hands and feet constantly" throughout examination. Tr. 274. Dr. Duvall diagnosed alcohol dependence in partial remission, cannabis dependence, panic disorder, and post-traumatic stress disorder (Tr. 275), and concluded:

> This woman continues to be first and foremost an unsuccessfully-treated Alcoholic and Drug Abuser. She will freely and unabashedly admit this. Even so, I still do not think one can ever trust her report of how much alcohol and drugs she is using at any one time. Her behavior during this exam was such that she could have been withdrawing from either alcohol or methamphetamines, i.e. the extraneous motor movement throughout her body, almost like akasthesia. Frankly, the anxiety diagnoses discussed above are well-founded, but one would have to wonder about the contribution of alcohol and drugs to the clinical picture, and could only get a reliable picture if she were clean and sober for some time. Which she is not interested in doing. Tr. 276.

The ALJ noted this language in his decision. Tr. 16-17. A plain reading of Dr. Duvall's report shows that Dr. Duvall found that Chipman's clinical interview and presentation influenced by her drug and alcohol use. The claimant bears the burden of establishing the non-materiality of her drug or alcohol use. Parra, 481 F.3d at 748-50. Further, this court must affirm an ALJ's inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. The ALJ's reading of Dr. Duvall's opinion reflects the record, and should therefore be affirmed.

In summary, Chipman fails to point to any evidence or binding legal authority supporting her assertion that the ALJ's drug and alcohol analysis was flawed. The ALJ's findings regarding Chipman's drug and alcohol use should be affirmed.

## II. The ALJ's RFC Assessment

Chipman asserts that the ALJ's RFC assessment restricting her to "simple" work improperly

7 - FINDINGS AND RECOMMENDATION

accounted for the ALJ's findings regarding her "moderate" limitations in concentration, persistence, and pace. Pl.'s Opening Br. 6. The ALJ's RFC assessment represents all of a claimant's work-related limitations, including non-severe limitations. 20 C.F.R. §§ 404.1545(a)(1-2); 416.945(a)(1-2). An RFC restricting a claimant to "simple" tasks, if based upon the record, may be consistent with a moderate or mild limitation in concentration, persistence, and pace. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

Chipman points to this court's previous findings addressing moderate or mild limitations in concentration, persistence, and pace and an RFC restricting a claimant to "simple" work. Pl.'s Opening Br. 6. This court has repeatedly found that such restriction alone, without further explanation by the ALJ, did not adequately capture a "moderate" limitation in concentration, persistence, and pace. Berjettej v. Astrue, 2010 WL 3056799 at * 7-8 (D. Or. July 30, 2010) (quoting Mudgett v. Astrue, No. 07-CV-458-CL, Findings at Recommendation at 11-13 (D. Or. Apr. 11, 2008); see also Arnold v. Astrue, 2010 WL 3488980 at * 10 (D. Or. Aug. 31, 2010). The Commissioner urges the court to conclude that, as a matter of law, an RFC containing a restriction to "simple" work adequately "accommodates" a "moderate" limitation in concentration, persistence, and pace. Def.'s Br. 10-11 (citing Stubbs-Danielson, 539 F.3d at 1174-75).

The record relating to Chipman's case shows that DDS reviewing psychologist Peter LeBray, Ph.D., found that Chipman could "understand and remember short and simple tasks and directions." Tr. 294. This evidence supports the ALJ's conclusions on the matter. However, the ALJ made no findings addressing Dr. LeBray's opinion. This court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's decision. Bray, 554 F.3d at 1225-56. For this reason, I find, in concurrence with this court's previous decisions, e.g. Berjettej v. Astrue, 2010 WL 3056799 at * 7-8,

that an RFC limitation to "simple" work alone, without further explanations or citation to the record, does not sufficiently account for "moderate" limitations in concentration, persistence, and pace.

However, this error is inconsequential to the disposition of Chipman's disability determination. An ALJ's error is harmless when his decision would remain legally valid despite the error. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). As explained above, the ALJ's findings regarding Chipman's drug and alcohol use should be affirmed. The ALJ may not find a claimant disabled when her disability is materially impacted by her drug and alcohol use. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(b)(2)(i); 416.935(b)(2)(i); Parra, 481 F.3d at 746-47. Therefore, because the ALJ found Chipman's drug and alcohol use material to her allegation of disability, the ALJ could not find Chipman disabled under the Act. Any error relating the ALJ's assessment of "simple" work is consequently inconsequential to the ALJ's decision.

In summary, Chipman fails to point to reversible error relating to the ALJ's drug and alcohol analysis or his subsequent RFC findings. The ALJ's decision should therefore be affirmed.

## CONCLUSION AND RECOMMENDATION

The Commissioner's decision that Chipman did not suffer from disability, and is not entitled to benefits under Titles II and XVI of the Social Security Act, is based upon correct legal standards, except as noted, and supported by substantial evidence. The Commissioner's decision should be AFFIRMED for the forgoing reasons.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. If no objections are filed, review of the Findings and Recommendation will go under advisement on that

9 - FINDINGS AND RECOMMENDATION

date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED.

Dated this 2nd day of September, 2011.

Thomas M. Coffin
United States Magistrate Judge